UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SHANNON J. MARTIS, | ) |
| Plaintiff, | ) Case No. 1:13-cv-1106 |
| v. | ) Honorable Robert Holmes Bell |
| DISH NETWORK, | ) |
| | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

This is a civil action removed from the Ingham County Circuit Court. Plaintiff, a former employee of defendant Dish Network, commenced this action to set aside an arbitrator's award under a written arbitration agreement. The arbitration agreement was signed by the parties in connection with plaintiff's former employment with defendant.

Defendant removed the matter to this court by notice of removal filed October 7, 2013. The notice of removal alleges that the parties are of diverse citizenship and that the case involves the requisite amount in controversy, $75,000.00. 28 U.S.C. § 1332.[1] Defendant has filed an answer and counterclaim seeking confirmation of the arbitral award. The principal issue in this case, therefore, is whether the award of the arbitrator should be confirmed pursuant to 9 U.S.C. § 9 or vacated on any of the grounds enumerated in 9 U.S.C. § 10(a).

---

[1] The removal notice also cites the Federal Arbitration Act, 9 U.S.C. §§ 1-16 as a source of removal jurisdiction. The Federal Arbitration Act, however, does not create federal court jurisdiction. 9 U.S.C. § 4. Rather, an independent jurisdictional basis is required. *See Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Diversity of citizenship supplies the necessary basis for this court's subject-matter jurisdiction.

Presently pending before the court is plaintiff's motion to seal these proceedings. Plaintiff's motion (docket # 6) asks that the complaint and all future pleadings be filed under seal. Plaintiff's motion cites only Fed. R. Civ. P. 5.2, which is completely inapplicable, as it applies only to the redaction from pleadings of certain specified personal identifiers, such as social security numbers and bank account numbers. Beyond that, plaintiff relies on a provision of the arbitration agreement, which states that all arbitration proceedings, hearings, discovery, settlements and awards shall be confidential.

Plaintiff's request to seal this case is not meritorious. Judicial records are presumptively open to the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The strong presumption of public access to court materials fosters confidence in the judicial system by assuring that courts are operating fairly and in a transparent fashion and that disputes presented to the courts are open to public scrutiny. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-79 (6th Cir. 1983). This presumption, with roots both in the First Amendment and the common law, applies to pleadings, motions for summary judgment, and other documents that bear on the merits of a controversy. By contrast, no presumption of access applies to discovery materials, which have traditionally been exchanged in private between the parties and have not been open to public inspection. *See, e.g., Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 578-80 (4th Cir. 2004) (distinguishing between court files relating to the merits of a controversy and pretrial discovery). For this reason, the Local Rules of this court (which plaintiff's motion ignores) contain the following admonition: "The Court strongly resists the sealing of entire civil pleadings, motions or briefs, as it is rare that the entire document will merit confidential treatment." W.D. MICH. LCIVR 10.6(a).

As explained by the Sixth Circuit in *Brown & Williamson*, the presumption of access to court records may be overcome by the need to keep order and dignity in the courtroom or by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated. 710 F.2d at 1179. Sealing court records, however, is deemed a drastic step, which must be justified by "the most compelling reasons." *See In re Knoxville News - Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "The public has a strong interest in obtaining the information contained in the court record," including the determination of the evidence upon which the court relied in reaching its decision. *Brown & Williamson*, 710 F.2d at 1180-81. Ultimately, the trial court has discretion to seal its records "when interests of privacy outweigh the public's right to know." *In re Knoxville News - Sentinel*, 723 F.2d at 474; *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 598.

Although the presumption of public access to court records is not absolute, overcoming the presumption must be based on more than the "natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public." *Brown & Williamson*, 710 F.2d at 1180. Thus, the party seeking to seal court records bears the burden of showing that divulging the records would reveal legitimate trade secrets or other truly confidential information. *Id.*

Plaintiff in the present case has not come close to meeting its substantial burden to overcome the presumption of access to judicial records. The mere fact that plaintiff and defendant have agreed to maintain their arbitration proceeding in confidence is of little moment. The Sixth Circuit has pointedly admonished that the sealing of court papers requires a showing of good cause and that the court may not abdicate its role in this regard to an agreement of the parties. *Procter &*

*Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *accord, Brown & Williamson*, 710 F.2d at 1180. Moreover, plaintiff has not justified sealing the complaint by a demonstration that such a drastic step is necessary to protect any legitimate interest of the parties in secrecy. At heart, this is an employment dispute, akin to hundreds of similar employment-law cases handled by this court every year.

Voluntary arbitrations are private proceedings. *See Six Clinics Holding Corp. II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 398 (6th Cir. 1997). As such, they are generally closed to the public. *See Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local 901*, 763 F.2d 34, 38-39 (1st Cir. 1985). Therefore, the parties are free to agree that their arbitration proceedings will be held in confidence. Once the parties resort to the courts, however, their confidentiality agreement does not, and cannot, authorize the sealing of a presumptively public federal court record. The parties are privileged to arbitrate in secret, but they must litigate in public.

The Sixth Circuit has pointed out that the presumption of access to court proceedings finds its genesis in the founding principles of this country and a revulsion against secret judicial proceedings, such as those held in the Star Chamber and other prerogative courts. *Brown & Williamson*, 710 F.2d at 1177 n.6. While this court stands ready to enter appropriate orders based on an evidentiary showing that particular information is entitled to confidential treatment, plaintiff's attempt to throw a veil of secrecy over this entire case cannot be accepted by a court operating in a free society.

Plaintiff's motion to place the complaint and all future pleadings under seal (docket # 6) will therefore be denied.


Dated: November 12, 2013                /s/ Joseph G. Scoville
                                        United States Magistrate Judge